UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TITO DAVID VALDEZ,  No. C 06-4438 SI (pr)

    Plaintiff,  **ORDER OF DISMISSAL**

  v.

JAMES TILTON, et al.,

    Defendants.
                                 /

## INTRODUCTION

Tito David Valdez, a prisoner at Salinas Valley State Prison, filed this pro se civil rights action under 42 U.S.C. § 1983. Defendants now move to dismiss the action on the ground that Valdez failed to exhaust administrative remedies before filing the action. Valdez opposes the motion. The action will be dismissed because administrative remedies were not exhausted before it was filed.

## BACKGROUND

The complaint alleged that, on January 28, 2005, Valdez was on the telephone talking to someone and asked her to place two three-party calls to two different people who he could not call directly because of the phone system in place at the prison. Correctional officer Gonzales interrupted the telephone call, told Valdez he was writing him up for making a third party call, and issued a CDC-128A counseling memorandum. The regulation that Valdez had run afoul of provided: "An inmate shall not . . . [p]lace a third party call [or] . . . [k]nowingly participate in a forwarded, transferred, or three-party call on an inmate telephone." 15 Cal. Code Regs. §

3282(c)(4 & 9). The complaint asserted three legal claims: (1) the regulation violated Valdez's First Amendment right to communicate with outsiders, (2) the regulation violated Valdez's right of access to the courts, and (3) Valdez's right to due process was violated when he was disciplined for trying to place the three party call. On initial review, the court dismissed the second and third claims, finding that only the First Amendment claim was cognizable. Thus, the only live claim in this action is the First Amendment challenge to the regulation.

The parties are in accord that Valdez did <u>not</u> receive a director's level decision and instead stopped when he received the second level decision on an inmate appeal.

Evaluating the purpose and effect of the administrative appeal Valdez filed is difficult due to Valdez's verbosity, unfocused presentation, and shifting arguments. The regulations appear to contemplate one problem per inmate appeal and set a one-page limit for written attachments to the appeal. <u>See</u> 15 Cal. Code Regs. § 3084.2(a)(1) ("A limit of one continuation page, front and back, may be attached to the appeal to describe the problem and action requested in sections A and B of the form.") By the time the inmate appeal finally reached the second level reviewer, it had grown to be a 30-page packet as a result of having been shuttled back and forth between Valdez and prison officials with various modifications by Valdez. <u>See</u> Dennis Decl., Exh. B-1 - B-31.

In the portion of the inmate appeal where he was to "state problem," Valdez conceded that he had asked someone to call a third party for him and complained about officer Gonzales' alleged unprofessional attitude in dealing with him, the absence of a verbal warning before the CDC-128A was written, the absence of signs defining and warning against making third party calls. Exh. B-3. Valdez wrote: "The exact problem being appealed here is that Officer Gonzales['] conduct (interrupting two calls in progress-conferencing in asking for my name, housing and CDC number), wasted nearly 3 minutes of phone conversation. His interruption was unprofessional in nature and he should have been more courteous and professional in handling this matter per CCR 3391(a). [¶] In addition, his writing me up a CDC 128 chrono, was not reasonable since he never previously verbally warned me that a THIRD PARTY CALL was against regulation." Exh. B-3. In the "action requested" portion of the inmate appeal, Valdez

2

listed seven items (two with subparts): he wanted a procedure implemented on verbal counselling and wanted "more professional" handling of the situation by staff (items 1, 4); he wanted the third party call to be defined and signs installed (items 2, 5); he wanted the staff reviewer to "demonstrate how prohibiting" a third party call "serves 'any legitimate penological interest'" (item 3); he wanted the CDC-128 removed from his file because he hadn't received a verbal warning before it was issued (item 6); and he wanted the regulation deleted because technology made it unnecessary and because inmates had no alternative to the third party call for persons without MCI service (item 7). See Exh. B-4. Valdez did not ask that the regulation be vacated because it violated any First Amendment right. In sum, neither the description of the problem nor the action requested portions of the inmate appeal mentioned a First Amendment issue. The only place the First Amendment issue was mentioned was in the nineteenth paragraph of his twenty-paragraph declaration which was attached as one of several exhibits to the appeal. See Exh. B-8.

Valdez's inmate appeal was screened out several times, which meant that reviewers returned it to him for various procedural problems. The original inmate appeal was screened out at the informal level on February 16, 2005, with the explanation: "[y]our appeal cannot be understood or is obscured by pointless verbiage or voluminous unrelated documentation CCR 3084(c). [¶] One additional page only." Exh. B-22. Valdez wrote back on February 18, 2005, that he had modified the appeal, "condensing the main issues," and modifying the exhibits. Exh. B-23.

The inmate appeal was screened out again on February 25, 2005. This time the appeal was returned because Valdez hadn't included the documents he received during the disciplinary process. Exh. B-24. Valdez wrote back, attaching the CDC-128 and more exhibits. Exh. B-26.

The inmate appeal was screened out again at the first level on March 21, 2005. The reviewer wrote: "screenout upon re-review action requested is unclear. Appeal of 128 or MCI phone system? Attach one page for clarification, remove extraneous unrelated exhibits." Exh. B-27. Valdez wrote back on April 5, 2005, contending that it was improper to screen out the appeal because it already had been given a log number. B-29. Significantly, Valdez also wrote:

3

"The regulation I am challenging is THIRD PARTY CALLS, which is an antiquated regulation, which is very rarely even enforced, due to todays [sic] MCI technology. This is not an appeal of MCI, this is an appeal of the THIRD PARTY regulation." Exh. B-30.

The second level reviewer's response stated:

> Inmate Valdez, in your appeal you challenge the regulation precluding inmates from making third party calls. You state that the regulation is antiquated and rarely enforced.
>
> On May 3, 2005, you were interviewed by W.A. Cohen Associate Warden. During the interview we discussed your appeal. In your appeal you contend that the regulation precluding inmates from making third party calls (CCR # 3282(c)(4)) is antiquated and needs to be eliminated. You believe that technology has evolved which would enable the institution to track the telephone numbers called by inmates who desire to place a third party call and still meet the security needs of the institution. You further indicated, you understood that at present third party calls are prohibited per CCR #3282(c)(4) and that the only way to have this issue reviewed by the courts is to attempt resolution through the administrative process prior to submitting the appeal to the courts for review.
>
> Based on the above, CCR #3282(c)(4) prohibits inmates from making third party calls. Your appeal is DENIED at the Second Level of Review.

Exh. B-32 - B-33. The inmate appeal response does not state whether it was the final decision of the department. Valdez did not appeal this decision to the director's level.

## DISCUSSION

"No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The State of California provides its inmates and parolees the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." See Cal. Code Regs. tit. 15, § 3084.1(a). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal resolution, (2) formal written appeal on a CDC 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director of the California Department of Corrections. See id. § 3084.5; Ngo v. Woodford, 126 S. Ct. 2378, 2383 (2006); Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997).

Exhaustion in prisoner cases covered by § 1997e(a) is mandatory. Porter v. Nussle, 534

U.S. 516, 524 (2002). All available remedies must be exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Id. (citation omitted). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. Id.; Booth v. Churner, 532 U.S. 731, 741 (2001). The PLRA exhaustion requirement requires "proper exhaustion" of available administrative remedies. Woodford v. Ngo, 126 S. Ct. 2378, 2387 (2006).

A prisoner's failure to exhaust administrative remedies is a matter in abatement. Defendants have the burden of raising and proving the absence of exhaustion, and may do so by way of an unenumerated Rule12(b) motion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). "In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." Id. at 1119-20, citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1988). The court can decide factual issues in a jurisdictional or related type of motion because there is no right to a jury trial as to that portion of the case, unlike the merits of the case (where there is a right to a jury trial). See id. Wyatt and Ritza allow this court to resolve factual disputes, but only with regard to the exhaustion issue.

Valdez did not file an inmate appeal at the director's level and did not receive a director's level decision. Normally, that would be the end of the matter but Valdez makes several arguments explaining why he did not need to go to the director's level to exhaust administrative remedies.

First, Valdez argues that the second level decision exhausted his administrative remedies because the regulations provide an exception to the regular appeals process for certain disciplinary appeals. "A second level review shall constitute the department's final action on appeals of disciplinary actions classified as 'administrative' pursuant to section 3314; and Custodial Counseling Chronos, CDC Form 128-A (rev. 4-74), documenting minor disciplinary infractions pursuant to section 3312(b)." 15 Cal. Code Regs. § 3084.7(b)(1). The court is not persuaded by Valdez's reasoning. Section 3084.7(b)(1) does not apply to this case because Valdez is not challenging the validity of the CDC 128-A he received but instead is challenging

5

the regulation.[1] Valdez's inmate appeal may have started out as a challenge to the discipline imposed, but by the time it reached the second level reviewer, Valdez had changed the focus and was clearly casting it as a challenge to the regulation. Exh. B-30. When prison officials (quite understandably) wrote that they didn't understand what Valdez was appealing, he wrote that he was challenging the regulation. See Exh. B-27, B-30. Having cast it as a challenge to the regulation, Valdez cannot now say it was just a disciplinary appeal.[2] Because Valdez was challenging a regulation at the second level, his appeal was not covered by § 3084.7(b)(1) and had to be pursued to the director's level to exhaust administrative remedies. The record shows that Valdez changed the focus of his inmate appeal midstream from a challenge to discipline to a challenge to a regulation. Even if, as he argues at page 13 of his opposition, he was challenging both the regulation and the disciplinary action in his inmate appeal, then at least part of the appeal wasn't about the discipline and wasn't covered by § 3084.7(b)(1), and had to be pursued to the third level.

Second, Valdez argues that pursuing his inmate appeal to the third level would have been futile. This argument is just a reiteration of the argument rejected in the preceding paragraph, as the alleged futility was based on § 3084.7(b)(1)'s provision that the second level decision was the final decision for disciplinary appeals.

Third, Valdez seems to suggest that defendants should be estopped from arguing nonexhaustion because the Attorney General did not assert non-exhaustion when Valdez filed a state petition for writ of habeas corpus. This argument fails because the administrative exhaustion requirement that now concerns this court is found in a federal statute that the state courts would have had no occasion to consider or apply. Further, the documents Valdez

---

[1] The court dismissed Valdez's claim that his right to due process was violated when he was disciplined for violating the rule against three-party telephone calls. See Order Of Service, p. 4.

[2] Had Valdez retained the original focus of the appeal (i.e., to the disciplinary decision) and had he received all the relief requested in the original inmate appeal, see Exh. B-3 - B4, the regulation that is currently in dispute would remain in place and untouched. This provides further support for the idea that the inmate appeal started out with one focus and ended with an entirely different focus.

6

submitted suggest that at least the superior court and respondent's counsel understood the issue in the state habeas case to be a challenge to the discipline imposed rather than a First Amendment challenge to the regulation.

The court finds that Valdez's inmate appeal started out as a challenge to a disciplinary decision but was changed midstream by Valdez to be a challenge to the regulation. Having read all that Valdez wrote, the court sees prison officials' confusion about the inmate appeal issue as genuine: they were not toying with Valdez or trying to obstruct his appeal when they asked him to clarify his inmate appeal issue. When asked to clarify, Valdez explicitly stated that he was challenging the regulation. He cannot now disavow that change in focus of his inmate appeal. Valdez did not exhaust administrative remedies as to his claim that the regulation prohibiting third party calls violated his First Amendment rights because he did not pursue the inmate appeal of that issue to the director's level. This action must be dismissed.

## CONCLUSION

Defendants' motion to dismiss is GRANTED because plaintiff failed to exhaust administrative remedies before filing this action. (Docket # 23.)

Plaintiff's motion for an extension of time to file his opposition is DISMISSED. (Docket # 29.) The court doesn't understand the reasoning of the request and, in any event, plaintiff's opposition to the motion to dismiss was timely filed and was considered by the court.

This action is dismissed without prejudice to plaintiff filing a new action in which he asserts claims as to which administrative remedies have been exhausted. The clerk shall close the file.

IT IS SO ORDERED.

Dated: January 14, 2008

_____
SUSAN ILLSTON
United States District Judge

7